IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MATTHEW REDDIN                                                                                    PLAINTIFF

v.                                  Civil No. 6:16-CV-06072-SOH-MEF

TRENT A. FRONTE (Correctional Officer,                                                DEFENDANT
Ouachita River Unit, ADC)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff, Matthew Reddin, pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated in the Arkansas Department of Corrections ("ADC"), Ouachita River Unit.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before me is Defendant's Motion for Summary Judgment.[1] (Doc. 34)  After careful consideration, the undersigned makes the following Report and Recommendation.

### I. BACKGROUND

Plaintiff filed his Complaint on June 30, 2016.  (Doc. 2)  He alleges excessive force and deliberate indifference claims against Defendant.  In his Complaint, Plaintiff alleges that on April 28, 2016, Plaintiff was standing at a doorway when Defendant approached him with a can of mace (pepper spray) in his hand.  Plaintiff alleges Defendant was playing with the can, which prompted Plaintiff to ask Defendant what he was going to do with the spray.  Defendant told Plaintiff he was

---

[1] Defendant also filed a Motion to Dismiss (Doc. 13), but as the arguments are incorporated into the Motion for Summary Judgment, that motion will not be addressed separately.

going to spray him, so Plaintiff said "let me get a taste." To Plaintiff's "amazement," Defendant sprayed him. (Doc. 2, p. 4)

In his deposition, Plaintiff elaborated on the context of the situation. Plaintiff was standing at the Barracks Seven doorway leading into the hub connecting several barracks. He was trying to go to the library, while other people were going to the gym. Defendant was at the Barracks Six doorway in the hub. Defendant was playing with two cans of Mace, so Plaintiff asked him "[w]ho you going to spray?" (Doc. 35-1, pp. 3-4) Plaintiff stated he was "just joking" when he asked Defendant this question. (*Id*., p. 5) Defendant responded, "[y]ou, if you don't mind your f**king business." (*Id*., p. 4) Plaintiff characterized Defendant's comment as "just jokingly or not." (*Id*., p. 5) Plaintiff then replied, "[w]ell, give me a taste since you're bad." (*Id*., p. 4) Plaintiff pointed to his fingers after he said this, and at that point Defendant sprayed him. The spray got all over Plaintiff's face and clothes. (*Id.*, p. 5)

Plaintiff testified Defendant sprayed him on purpose. (*Id.*, p. 7) Plaintiff pointed out that the pepper spray can has a safety mechanism that must be lifted up before a finger can be inserted to depress the spray button. (*Id*., p. 3) When asked as to why Defendant sprayed him, Plaintiff stated: "Stupidity. Lack of Judgment. Just dumb, honestly, is the best description I can give for it." (*Id*., p. 8) Plaintiff compared his statement "give me a taste" to asking the hoe squad leader to shoot him in the foot so he would not have to work for a year. (*Id.*, p. 7) Plaintiff further testified it would be like Defendant's counsel carrying a gun in her purse for defense, and Plaintiff telling her, "[h]ey, why don't you pull that out and just shoot me one time." (*Id*.) He would not expect either person to actually shoot him.

After he was sprayed, Plaintiff testified Defendant shut the barracks door in his face. Plaintiff described trying to get back to his cell and running into a wall because he could not see.

2

(*Id*., p. 8)  He also testified about the efforts of other inmates to aid him.  (Doc. 40, p. 6)  Plaintiff managed to get his shirt off, and started kicking on his cell door for help.  Sergeant Ford came to the door and asked what happened, and Plaintiff told him Defendant had pepper-sprayed him.  (*Id*.)  Sergeant Ford asked Defendant if this was true, and Defendant replied that it was, but he did not mean to spray Plaintiff.  (Doc. 2, p. 4)  At Plaintiff's deposition, Defendant's counsel read the following statement to Plaintiff:

> I, Sgt. Ford, then escorted Inmate Reddin to the infirmary for treatment and copious amounts of water to decontaminate him.  I, Sgt. Ford, then took photos and collected statements from Cpl. Fronte and Inmate Reddin.  Cpl. Fronte did admit to accidentally spraying Inmate Reddin with OC spray, Lot. No. 55/035.

(Doc. 35-1, p. 9)  Plaintiff agreed that this statement was true.  (*Id.*)  Plaintiff alleges his vision was blurry, and he was given several multi-day excusals from work duty for his vision and red eyes.  His vision remained blurry, and he now has to use eye drops and wear glasses.  He never needed glasses prior to being sprayed.  (Doc. 2, pp. 5-6)

Plaintiff alleges he did not break any rules and did not receive any disciplinary charges for this incident; in contrast, Defendant received "corrective disciplinary action" for the incident.  (Doc. 40, p. 2)  Plaintiff also denied that he was yelling.  (Doc. 35-1, p. 5)

Plaintiff proceeds against Defendant in both his official and individual capacity.  Plaintiff seeks compensatory and punitive damages.  (Doc. 2, p. 8)  Defendant filed his Motion for Summary Judgment on May 17, 2017.  (Doc. 34)  Plaintiff responded on June 12, 2017.  (Doc. 39)

## II.  LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the

disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the non-moving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the non-moving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.  DISCUSSION

Defendant argues summary judgment is appropriate in this case because: (1) the official capacity claims against Defendant are barred by sovereign immunity; (2) Defendant's spraying of Plaintiff was, at most, negligent; and, (3) Defendant is entitled to qualified immunity.

#### A.  Sovereign Immunity

"Claims against individuals in their official capacities are equivalent to claims against the entity for which they work." *Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir.1998). Thus, Plaintiff's official capacity claim against Defendant is a claim against the ADC. The ADC is an agency of the State of Arkansas. *See Fegans v. Norris,* 351 Ark. 200, 206, 89 S.W.3d 919 (2002). States and state agencies are not "persons" subject to suit under § 1983. *Howlett v. Rose,* 496 U.S. 356 (1990); *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618

(8th Cir. 2008). "This bar exists whether the relief sought is legal or equitable." *Williams v. Missouri,* 973 F.2d 599, 599-600 (8th Cir. 1992) *(*citing *Papasan v. Allain,* 478 U.S. 265, 276 (1986)). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan,* 440 U.S. 332, 342 (1979)).

Defendant is an employee of the Arkansas Department of Correction (ADC). As such, the official capacity claims against him for monetary damages are barred by sovereign immunity.

**B.    Individual Capacity Claims**

Plaintiff has raised two individual capacity claims. He first alleges Defendant violated his rights to be free from excessive force when Defendant sprayed him with pepper spray without provocation. He also alleges (although not expressly framed as such in the Complaint) a claim for deliberate indifference to his medical needs when the Defendant did not attempt to provide decontamination aid after pepper-spraying him. Defendant did not address the deliberate indifference claim in his Motion for Summary Judgment. This leaves the excessive force claim.

"When confronted with a claim of excessive force alleging a violation of the Eighth Amendment, the core judicial inquiry is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013) (quoting *Hudson v. McMilliam*, 503 U.S. 1, 6-7 (1992)). "[E]very malicious push or shove does not amount to a deprivation of constitutional rights." *Hickey v. Reeder,* 12 F.3d 754, 757 (8th Cir. 1993).

The Court must consider such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, the threat to the safety of the staff and inmates, and any attempt to temper the severity of

the response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

In *Wilkins v. Gaddy*, 590 U.S. 34 (2010), the Supreme Court held that "the extent of any resulting injury, while material to the question of damages and informative as to the likely degree of force applied is not in and of itself a threshold requirement for proving this type of Eighth Amendment claim." *See also Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010).

Defendant makes several arguments concerning the excessive force claim.  He argues there is no evidence he purposefully caused Plaintiff's injuries, and that this was non-actionable negligence. (Doc. 36, p. 8)  Plaintiff testified the Defendant sprayed him on purpose, and Plaintiff points to the safety mechanism on the pepper spray canister which makes an accidental spraying difficult, if not impossible.

Defendant argues that Plaintiff was asked twice to "mind his own business."  Instead of doing so, Defendant argues the Plaintiff told him to "give him a taste" and either "attempted to place his finger on the OC spray" or "placed his finger though the door of the barrack 7 towards the OC spray." (Doc. 36, pp. 8, 11)  Defendant cites Plaintiff's deposition[2] for the source of facts concerning Plaintiff reaching for the pepper spray canister.  There is no reference to Plaintiff's hand or fingers on page 16 of his deposition. (Doc. 35-1, p. 4)  On page 19, Plaintiff states he "pointed to my fingers," but there is no mention of the Plaintiff reaching for the pepper spray canister. (Doc. 35-1, p. 5)  In his pending Motion to Compel (Doc. 32), Plaintiff noted that there should have been at least four cameras which recorded this interaction.  Curiously, Defendant indicates that the ADC does not have the videos. (Doc. 33)

---

[2] Specifically, Defendant refers to page 16, lines 7-13, and page 19, lines 17-25.  These are located in the record at Doc. 35-1, p. 4 and p. 5.

As stated above, the legal standard applicable to summary judgment proceedings requires that all evidence and inferences must be viewed in a light most favorable to the non-moving party. The evidence of record shows that Plaintiff asked Defendant who he was going to spray. Defendant replied that he would spray Plaintiff if he did not mind his own business. Plaintiff jokingly said to "give me a taste," pointing at his fingers. Defendant then purposely sprayed Plaintiff in the face with the pepper spray. "[C]orrectional officers do not have a blank check to use force whenever a prisoner is being difficult." *Treats v. Morgan*, 308 F.3d 868, 875 (8th Cir. 2002). Further, the Eighth Circuit "has already made it clear that *Jones*[3] 'did not hold that all applications of pepper spray result in de minimis injury.'" *Id.* at p. 872 (quoting *Lawrence v. Bowersox,* 297 F.3d 727, 731 (8th Cir. 2002). There are, therefore, several questions of material fact which remain in dispute concerning Plaintiff's excessive force claim.

Finally, Defendant argues that even if he did not issue a warning before spraying Plaintiff, the lack of warning was a non-actionable violation of ADC policy. Defendant is correct that a violation of policy, alone, does not automatically create liability. Defendant, however, cites *Coleman v Lockhart*, Case No. 2:13-CV-00131-JLH-JTK, 2014 WL 4388268 (E.D. Ark. Sept. 4, 2014), to support the argument that Defendant is not liable, even if he sprayed Plaintiff without warning. Viewing all evidence and inferences in a light most favorable to the Plaintiff, as I must at this point, the *Coleman* case is factually distinguishable from the instant case, and it does not support the Defendant's argument.

In *Coleman*, the inmate in question was loud and abusive, refused to obey a direct order,

---

[3] *Jones v. Shields*, 207 F.3d 491 (8th Cir. 2000).

and threatened to throw something at the guard. The *Coleman* court stated the following as to the disciplinary charge describing the incident:

> According to the disciplinary charge written by Defendant Lockhart, when he arrived to Plaintiff's cell, a blanket was covering the cell door, and Plaintiff was standing on top of the sink. Lockhart then pulled the blanket off the bars and Plaintiff jumped down from the sink and picked up the blanket. When Lockhart ordered Plaintiff not to put the blanket back over the bars, Plaintiff stated, "F* * * you nigga, you think that you are tough." When Lockhart removed his chemical agent from his pouch, Plaintiff stated, "what are you going to do with that?" and reached for a Styrofoam cup filled with a liquid substance. Lockhart then gave inmate a one-two second burst of chemical agent.

*Coleman*, 2014 WL 4388268, at *2 (internal quotations omitted). Although the inmate in *Coleman* denied the existence of the cup, he was later convicted of the disciplinary charge. *Id*. Here, Plaintiff was not loud, he did not threaten Defendant, and he was not charged with any disciplinary violation (such as a failure to follow staff orders). From the evidence presented, it appears that Plaintiff jokingly, and foolishly, asked Defendant to "give me a taste," and that Defendant responded by purposefully spraying Plaintiff in the face with the pepper spray.

**C.    Qualified Immunity**

Qualified immunity does not shield a public official who "violates a clearly established constitutional or statutory right of which a reasonable person should have known." *Winslow v. Smith*, 696 F. 3d 716, 730 (8th Cir. 2012). It is clearly established that "[a] basis for an Eighth Amendment claim exists when . . . an officer uses pepper spray without warning on an inmate who may have questioned his actions but who otherwise poses no threat." *Treats*, 308 F.3d at 873. From the evidence presented, there is no indication Plaintiff posed any threat to Defendant, himself, or others. Nor is it clear that the statement to "mind his own business" was a warning, given the alleged "joking" nature of the conversation. Defendant is, therefore, not entitled to qualified immunity.

8

## IV.  CONCLUSION

For the reasons and upon the authorities discussed above, I recommend that Defendant's Motion for Summary Judgment (Doc. 34) be **GRANTED in part and DENIED in part**.

1. Plaintiff's official capacity claims against Defendant Fronte should be dismissed with prejudice.

2. Plaintiff's individual capacity claims against Defendant Fronte should remain for further consideration.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of July, 2017.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE