IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MATTHEW REDDIN                                                                                          PLAINTIFF

v.                                          Case No. 6:16-cv-6072

TRENT A. FRONTE (Correctional Officer,
Ouachita River Unit, ADC)                                                                              DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed July 28, 2017, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 42. Defendant has responded with timely objections. ECF No. 45. The Court finds the matter ripe for consideration.

On June 30, 2016, Plaintiff filed his complaint in this matter *pro se*. ECF No. 2. At the time of the incident, Plaintiff was incarcerated in the Arkansas Department of Correction, Ouachita River Unit. Plaintiff alleges that he was standing in a doorway when Defendant, a correctional officer, approached him and was playing with a can of pepper spray. Plaintiff further alleges that he asked Defendant what he planned to do with the spray, and Defendant responded that he planned to spray Plaintiff. Then, Defendant sprayed Plaintiff with the pepper spray.

In his deposition, Plaintiff elaborated on these allegations and stated that he was joking when he asked Defendant who he planned to spray. Defendant replied that he would spray Plaintiff if he did not mind his own business. Plaintiff then taunted Defendant to "give him a taste," and Plaintiff pointed to his finger. Defendant then sprayed Plaintiff with pepper spray, which covered his face and clothes. Plaintiff stated in his deposition that Defendant sprayed him on purpose and pointed out the safety mechanism on the can of pepper spray that must be lifted before a finger can

be inserted to depress the spray button. After he was sprayed, Plaintiff claims that Defendant shut the barracks door in his face.

Pursuant to § 1983, Plaintiff alleges Eighth Amendment excessive force and deliberate indifference claims against Defendant in his official and individual capacities. Defendant filed a summary judgment motion arguing that the official capacity claims are barred by the doctrine of sovereign immunity. ECF No. 34. Defendant further argued that he is entitled to summary judgment on the individual capacity excessive force claim because his actions amounted to negligence, and he was not motivated to act maliciously.[1] ECF No. 34. The magistrate judge recommends that Defendant's summary judgment motion be granted as to Plaintiff's claims against Defendant in his official capacity and denied as to Plaintiff's claims against Defendant in his individual capacity.

Defendant objects to the magistrate judge's recommendation that summary judgment be denied as to the individual capacity excessive force claim. The Eighth Amendment protects inmates from unnecessary and wanton infliction of pain by correctional officers "regardless of whether an inmate suffers serious injury as a result." *Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002). Prison official may "use force reasonably in a good faith effort to maintain or restore discipline, but force is not to be used maliciously and sadistically to cause harm." *Id*. (quotations omitted). In determining whether excessive force was used, the Court should consider: (1) whether there was an objective need for force; (2) the relationship between any such need and the amount of force used; (3) the threat reasonably perceived by the correctional officers; (4) any efforts by the officers to temper the severity of their forceful purpose; and (5) the extent of the inmate's injury. "A basis for an Eighth Amendment claim exists when . . . an officer uses pepper

---

[1] Defendant did not address the deliberate indifference claim in his summary judgment motion.

spray without warning on an inmate who may have questioned his actions but who otherwise poses no threat." *Id*. at 873.

Defendant argues that the only evidence Plaintiff presented to support his claim was his self-serving deposition testimony that he believes Defendant purposefully sprayed Plaintiff with pepper spray. Defendant further argues that he accidentally sprayed Plaintiff, his actions amount to negligence, and there is no evidence other than Plaintiff's self-serving testimony that Defendant acted out of spite. Defendant is essentially asking the Court to make a credibility determination and credit his version of facts over Plaintiff's. The Court, however, at the summary judgment stage, must view all evidence in a light most favorable to Plaintiff, the non-moving party. The evidence of record, viewed in Plaintiff's favor, shows that Plaintiff asked Defendant who he planned to spray, told Defendant to "give him a taste," and pointed a finger, and then Defendant sprayed him with pepper spray without warning. The evidence also shows that there is a safety mechanism on the can of pepper spray that must be lifted before a finger can be inserted to depress the spray button. Thus, the Court agrees with the magistrate judge that a genuine issue of material fact exists as to whether Defendant purposefully sprayed Plaintiff with pepper spray and acted maliciously to cause harm. The Court also agrees with the magistrate judge's recommendation that Defendant is not entitled to qualified immunity.

Based on its own de novo review, the Court overrules Defendant's objections and adopts the Report and Recommendation *in toto*. ECF No. 42. Accordingly, the Court finds that Defendant's summary judgment motion (ECF No. 34) should be and hereby is **GRANTED IN PART and DENIED IN PART**. Defendant's motion is **GRANTED** as to Plaintiff's claims against Defendant in his official capacity, and these claims are **DISMISSED WITH PREJUDICE**. Defendant's motion is **DENIED** as to Plaintiff's Eighth Amendment claims

against Defendant in his individual capacity, and these claims remain for further consideration.

**IT IS SO ORDERED**, this 9th day of February, 2018.

                                                /s/ Susan O. Hickey  
                                                Susan O. Hickey  
                                                United States District Judge